# Murdock, Appellant, *v.* Martin.

*Neglect to print declaration—S. C. practice.*

Where the appellant has failed to print his declaration in his paper book as required by the rule of court, and all the assignments of error refer to the declaration, the Supreme Court would be justified in affirming the judgment without further examination of the case.

*Contract—Sale of business—Partnerships.*

A contract with a partnership providing that if the firm shall " transfer, sell or assign their business " before the termination of the agreement, they shall pay a certain sum as liquidated damages, is not violated by the surviving partners purchasing the interest of a partner who has died before the expiration of the time fixed by the agreement.

*It seems* that such a contract is discharged by the death of one of the partners before the expiration of the term.

Argued Jan. T., 1892. Appeal, No. 348, Jan. T., 1891, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1886, No. 284, entering nonsuit. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Case by E. O. Murdock against Luther Martin, Jr., and Robert W. Martin, who survived Luther Martin, and all of whom traded under the firm of L. Martin & Co.

At the trial before ARNOLD, J., it appeared that on January 24, 1884, plaintiff and L. Martin & Co. entered into a written agreement by which the plaintiff agreed to sell the lampblack of L. Martin & Co., to take orders for them and to do everything in his power to extend their business. The seventh article of the agreement was as follows :

7. In case the parties of the first part should transfer, sell or assign their business before the termination of this agreement, then, unless the parties of the first part secure from the person or persons purchasing the same, the adoption and assumption of this agreement for the balance of the ten years then remaining unexpired, the party of the second part shall be entitled to receive from the parties of the first part, as liquidated damages, a sum of money equal to his commissions for the year immediately preceding said sale, assignment, or transfer multiplied by the number of years remaining in the unexpired term of this agreement.

Luther Martin, Sr, died in 1886. The surviving partners bought his interest from his executors, and continued the business. They notified the plaintiff of the dissolution of the firm and that his services were no longer desired. The plaintiff apparently claimed the compensation provided by the seventh clause of the agreement. The declaration was not printed in the paper book.

The plaintiff offered in evidence the contract of January 24, 1884. He also proved the death of Luther Martin, Sr., and the proceedings in the orphans' court for the transfer to the surviving partners of the interest of the decedent under an agreement to purchase the same. He also offered in evidence the notice to himself terminating the contract. He then offered to ask one of the defendants, Robert W. Martin, called as if for cross-examination, to state from the books of the firm who made the contract sued upon, what the plaintiff's commissions were for the year preceding July 1, 1886. To this the defendants made the objection that no proof had been given of breach of contract declared upon. Objection sustained and exception. [2]

The court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Errors assigned* were (1) the refusal to take off the nonsuit, and (2) the ruling on the evidence, quoting the offer.

*John B. Uhle,* for appellant, cited : School Furniture Co. v. Warsaw School Dist., 122 Pa. 494; Howard Ex. Co. v. Wile, 64 Pa. 201; Blakeslee v. Scott, 37 Leg. Intel. 474; Miller v. Bealer, 100 Pa. 585; Fereira v. Sayres, 5 W. & S. 210; Emery v. Steckel, 126 Pa. 171.

*R. C. Dale, Samuel Dickson* with him, for appellee, cited: Tasker v. Shephard, 6 H. & N. 575.

PER CURIAM, January 25, 1892.

The appellant has not printed his declaration as required by the rule of court. There is nothing, therefore, in the paper book which enables us to gather with certainty the cause of action. Both of the assignments of error refer to the declaration and it is impossible to rule them accurately without an examination of it. We would be justified in affirming the judgment for this reason alone. We infer, however, from the bill of ex-

ceptions, that the court below granted the nonsuit on the ground that the plaintiff had not produced any evidence to sustain his allegation that there had been a sale of the business of the firm which had made the contract. There is certainly nothing in the evidence to show there had been such a sale within the meaning of said contract.

Judgment affirmed.